## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Mark R. Puszkarczuk and Raymond H. Tachoir,**
**members of 340 Defense Range and Training Center, LLC,**
**a West Virginia limited liability company,**
**Plaintiffs Below, Petitioners**

**FILED**

**April 8, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 15-0130** (Jefferson County 13-C-364)

**340 Defense Range and Training Center, LLC,**
**a West Virginia limited liability company,**
**and Mark O'Dell,**
**Defendants Below, Respondents**

### MEMORANDUM DECISION

Petitioners and plaintiffs below, Mark R. Puszkarczuk and Raymond H. Tachoir, members of 340 Defense Range and Training Center, LLC, a West Virginia limited liability company, by counsel Floyd M. Sayre, III, appeal the Circuit Court of Jefferson County's Order denying their motion for a new trial, entered on January 16, 2015. Respondents 340 Defense Range and Training Center, LLC, and Mark O'Dell, by counsel John Michael Cassell, filed a response. Petitioners filed a reply. On appeal, petitioners claim that the weight of the evidence did not support the jury's verdict in favor of respondents.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

### Factual and Procedural Background

This case involves a dispute between members of a limited liability company, Respondent 340 Defense Range and Training Center, LLC ("the company"), in which the parties accused each other of misconduct. Petitioners filed their civil action against respondents in October of 2013, alleging, in relevant part, that Respondent Mark O'Dell breached his fiduciary duty to the company and converted the assets of the company for his personal use or the use of a third-party. Respondent O'Dell filed an answer and a counterclaim alleging, in relevant part, that petitioners breached the terms of a promissory note issued to Respondent O'Dell.

The case proceeded to a jury trial in October of 2014. The evidence at trial revealed that Petitioners Mark R. Puszkarczuk and Raymond H. Tachoir, and Respondent O'Dell entered into

1

an agreement whereby petitioners purchased seventy-five percent of the assets of the company and respondent retained twenty-five percent of the assets as a silent partner. Petitioners executed a promissory note[1] that was secured by the assets of the company, but failed to make timely payments pursuant to the note's terms. In addition, on June 1, 2011, Respondent O'Dell and the company[2] entered into a lease agreement to operate the shooting range on property owned by Respondent O'Dell.

Petitioners operated the company for approximately eighteen months. Petitioners claimed that Respondent O'Dell fraudulently informed them that they were required to shut down the company pursuant to an order of the Jefferson County Planning Department, when no such order had been issued. Petitioners further claimed that, while the parties were attempting to obtain a line of credit from the Bank of Charles Town, Respondent O'Dell obtained a bond in the name of a third-party and himself without their knowledge. Petitioners claimed that after obtaining the bond, Respondent O'Dell obtained the occupancy permit in his own name and ordered petitioners to stay off the property while a third-party operated the shooting range to their and the company's exclusion.

In his defense and in support of his counterclaim, Respondent O'Dell introduced evidence that, in the early morning hours of January 19, 2013, he discovered petitioners removing business records, bank account information, and other property from the company, including computers, file cabinets, and customer lists. In addition, Respondent O'Dell introduced evidence that petitioners misused and misappropriated company assets and accused petitioners of hiding business records from the jury pertaining to this conduct.[3]

Respondent O'Dell also testified that he made every effort to obtain the security from the Bank of Charles Town needed to make the improvements required by the Jefferson County Planning and Zoning Office. As part of this effort, Respondent O'Dell provided tax returns and other personal information that was required by the bank. However, petitioners failed to provide their information to the bank, and the bank, consequently, took no action on the request. The company was dissolved by the West Virginia Secretary of State in December of 2012.

Respondent O'Dell further testified that he never ordered petitioners off the property; but rather, he was forced to proceed on his own without their cooperation to obtain bank security for

---

[1] Petitioners state that they paid $25,000 and executed the promissory note in the amount of $75,000.

[2] Petitioner Puszkarczuk signed the lease agreement on behalf of the company.

[3] Respondent O'Dell states that, although petitioners operated the company for eighteen months, they only produced records from June 2012 through December 2012. Respondent O'Dell introduced testimony that in January of 2012, petitioners misused company assets to attend a national gun show for five days in Las Vegas, where petitioners hired prostitutes, gambled, and drank heavily. Additionally, Respondent O'Dell introduced testimony that petitioners consumed and sold illegal moonshine whiskey at the shooting range while it was under their operation.

2

the bond to secure the completion of the improvements necessary to satisfy the Planning and Zoning Office. Respondent O'Dell testified that he told petitioners that the Planning and Zoning Office would allow the shooting range to remain open if they obtained the bank security for the required site improvements, and that the range was ordered closed after petitioners failed to cooperate in obtaining the security. Respondent O'Dell further testified that it was only after petitioners absconded with the company assets on January 19, 2013, that he moved forward on his own and at his own expense to satisfy the Planning and Zoning Office by obtaining the bank security for the Site Plan Improvements Bond.

As evidenced from the above recitation of the trial testimony, issues of fact were contested by the parties. The jury returned a verdict in Respondent O'Dell's favor on petitioners' breach of fiduciary duty and conversion claims. As for Respondent O'Dell's counterclaim, the jury found that petitioners breached the terms of the promissory note and the circuit court awarded damages in the amount of $11,634.00.[4]

The circuit court entered a Judgment Order memorializing the jury's verdict on October 31, 2014. Petitioners filed their motion for a new trial on November 10, 2014, arguing that (1) the weight of the evidence supported a finding that Respondent O'Dell violated his fiduciary duty, and (2) the weight of the evidence supported a finding that Respondent O'Dell converted the company's assets for his or a third-party's use. By order entered on January 16, 2015, the circuit court denied the motion for a new trial, and this appeal followed.

**Discussion**

On appeal, petitioners raise the same two arguments presented in their motion for a new trial, that is, (1) that the circuit court erred in denying petitioners' motion for a new trial because the weight of the evidence clearly supported a finding by the jury that Respondent O'Dell breached his fiduciary duty as a member of the limited liability company to plaintiffs and further continues to use the assets of the limited liability company for his own use to the exclusion of petitioners; and (2) that the circuit court erred in denying petitioners' motion for a new trial because the weight of the evidence clearly supported a finding by the jury that Respondent O'Dell took and converted the assets of the company for his personal use or the use of a third-party to the exclusion of petitioners.

This Court has held as follows with respect to our review of the circuit court's ruling on a motion for a new trial:

"When a trial judge vacates a jury verdict and awards a new trial pursuant to Rule 59 of the *West Virginia Rules of Civil Procedure,* the trial judge has the authority to weigh the evidence and consider the credibility of the witnesses. If the trial judge finds the verdict is against the clear weight of the evidence, is based on false evidence or will result in a miscarriage of justice, the trial judge may set aside the verdict, even if supported by substantial evidence, and grant a new trial.

---

[4] Additionally, the jury found that petitioners did not convert assets of the company for their personal use and the company did not breach the June 1, 2011, lease agreement.

A trial judge's decision to award a new trial is not subject to appellate review unless the trial judge abuses his or her discretion." Syllabus Point 3, in part, *In re State Public Building Asbestos Litigation,* 193 W.Va. 119, 454 S.E.2d 413 (1994).

Syl. Pt. 2, *Tennant v. Marion Health Care Found., Inc.*, 194 W.Va. 97, 459 S.E.2d 374 (1995). We have further held that

> [i]n determining whether there is sufficient evidence to support a jury verdict the court should: (1) consider the evidence most favorable to the prevailing party; (2) assume that all conflicts in the evidence were resolved by the jury in favor of the prevailing party; (3) assume as proved all facts which the prevailing party's evidence tends to prove; and (4) give to the prevailing party the benefit of all favorable inferences which reasonably may be drawn from the facts proved.

Syl. Pt. 5, *Orr v. Crowder*, 173 W.Va. 335, 315 S.E.2d 593 (1983).

Petitioners first argue that the circuit court erred in denying their motion for a new trial because the weight of the evidence clearly supported a finding by the jury that Respondent O'Dell breached his fiduciary duty as a member of the company and further continues to use the assets of the company for his own use to the exclusion of petitioners. Petitioners direct us to West Virginia Code § 31B-4-409(a), which provides that "[t]he only fiduciary duties a member owes to a member-managed company and its other members are the duty of loyalty and the duty of care imposed by subsections (b) and (c) of this section." Subsection (b) limits the duty to loyalty at follows:

> (1) To account to the company and to hold as trustee for it any property, profit or benefit derived by the member in the conduct or winding up of the company's business or derived from a use by the member of the company's property, including the appropriation of a company's opportunity;
> (2) To refrain from dealing with the company in the conduct or winding up of the company's business as or on behalf of a party having an interest adverse to the company; and
> (3) To refrain from competing with the company in the conduct of the company's business before the dissolution of the company.

Petitioners contend that the verdict demonstrates that the jury was confused as to the law because the evidence proved that Respondent O'Dell failed to tell petitioners that the range did not need to close; obtained a bond in his own or a third-party's name; forced petitioners off the property; and operated the range as a sole proprietorship.

Upon our review of the record and being mindful of our standard of review, we must reject petitioners' argument. As Respondent O'Dell argues, all of the parties' factual allegations were disputed and the jury resolved the contradictions in its verdict for respondents. This matter does not require this Court to interpret or analyze the statutory obligations for the members of a limited liability company; the circuit court properly instructed the jury regarding the duty of

loyalty and breach of fiduciary duty. Petitioner did not object to these instructions at trial. In fact, the record reflects that the parties collaborated in their preparation of the instructions to be presented to the court before closing arguments. We find no error in the circuit court's refusal to disturb this finding.

The same can be said for petitioners' second assignment of error where they assert that Respondent O'Dell converted the assets of the company for his personal use to their exclusion. Respondent O'Dell and his son testified that on January 19, 2013, they witnessed petitioners removing records and property from the company in the early morning hours under the cover of darkness. At trial, petitioners did not produce the records and other materials taken; instead, they produced only six months of bank statements. The jury evaluated this evidence and found in favor of Respondent O'Dell on petitioner's conversion claim.[5] In considering petitioner's motion for a new trial, the circuit court properly (1) considered the evidence most favorable to respondents; (2) assumed all conflicts in the evidence were resolved in respondents' favor; (3) assumed as proved all facts that respondents' evidence tended to prove; and (4) gave respondents the benefit of all favorable inferences that reasonably may have been drawn from the facts proved. *See Orr,* at Syl. Pt. 5.

For the foregoing reasons, we affirm the denial of petitioners' motion for a new trial.

Affirmed.

**ISSUED: April 8, 2016**

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

---

[5] While not perfectly clear, petitioners appear to also argue that Respondent O'Dell's continued operation of the gun range constituted conversion as well. As support, petitioners point to the jury's finding that the company did not breach or default on the lease dated June 1, 2011. However, as Respondent O'Dell points out, petitioners' suit fails to mention the lease; therefore, we cannot conclude that the jury's finding as to petitioners' conversion claim must be reversed due to its finding that the company did not breach the lease.